UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

RAMIRO OSORIA HERRERA,

Petitioner,

v.

WARDEN, Otay Mesa Detention Center,

Respondent.

Case No.:  26-CV-1150 TWR (DDL)

**ORDER DISMISSING PETITION WITHOUT PREJUDICE**

Presently before the Court is a Petition for Writ of Habeas Corpus ("Pet.," ECF No. 1) "submit[ted] . . . . on behalf of" Ramiro Osoria Herrera.  In his Return ("Ret.," ECF No. 4), Respondent Warden of the Otay Mesa Detention Center notes that the Petition is not signed by Mr. Osoria Herrera, (*see id.* at 2), and that the Petition appears to have been filed by a "next friend" of Mr. Osoria Herrera.  (*See id.*)

A "next friend" may be permitted to file a habeas action on behalf of another individual.  *See* 28 U.S.C. § 2242 ("Application for a writ of habeas corpus shall be in writing signed and verified by the person for whose relief it is intended or by someone acting in his behalf.").  To establish next-friend standing, however, the next friend must show: "(1) that the petitioner is unable to litigate his own cause due to mental incapacity, lack of access to court, or other similar disability; and (2) the next friend has some significant relationship with, and is truly dedicated to the best interests of, the petitioner."

1

*Coalition of Clergy, Laws., & Professors v. Bush*, 310 F.3d 1153, 1159–60 (9th Cir. 2002). The burden is on the next friend to clearly "establish the propriety of his status and thereby justify the jurisdiction of the court." *Whitmore v. Arkansas*, 495 U.S. 149, 164 (1990) As Respondent notes, the filer of this Petition "fails to meet either prerequisite." (*See* Ret. at 2–3.)

More problematically, under Civil Local Rule 83.11, any person appearing pro se "must appear personally for such purpose and may not delegate that duty to any other person, including husband or wife, or another party on the same side appearing without an attorney." *See also Simon v. Hartford Life, Inc.*, 546 F.3d 661, 664 (9th Cir. 2008) ("It is well established that the privilege to represent oneself *pro se* provided by § 1654 is personal to the litigant and does not extend to other parties or entities."); (Ret. at 3). Therefore, even assuming the filer of the instant Petition had met their burden of establishing next-friend standing, they cannot prosecute this action pro se on Mr. Osoria Herrera's behalf, and dismissal without prejudice is appropriate. *See Pinson v. Blanckensee*, 834 F. App'x 427, 428 (9th Cir. 2021) (finding that the "district court properly dismissed the action" because the putative next friend "failed to meet the requirements for next-friend standing under § 2242" and as "a non-attorney, cannot represent others in court"). To properly bring a petition, the filer of the instant Petition must secure licensed counsel, or Mr. Osoria Herrera must appear pro se on his own behalf.

For the foregoing reasons, the Court **DISMISSES WITHOUT PREJUDICE** Mr. Osoria Herrera's Petition (ECF No. 1). The Clerk of Court **SHALL CLOSE** the case, and Respondent **SHALL SERVE** a copy of this Order on Mr. Osoria Herrera. *If an*

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

2

*amended petition is filed that corrects the issues identified above, the Court will reopen the case.*

**IT IS SO ORDERED.**

Dated:  March 4, 2026

_____
Honorable Todd W. Robinson
United States District Judge

26-CV-1150 TWR (DDL)